### LADA v. LASZLO.

JUSTICES OF THE PEACE—JURISDICTION IN SUMMARY PROCEEDINGS—
STATUTES.

> Since, under 3 Comp. Laws 1915, §§ 13231, 13241, a justice
> of the peace has jurisdiction in summary proceedings
> only when the premises in question are located in the
> township in which he holds office, section 12182, providing
> that any other circuit court commissioner "or other officer
> having authority to perform the like duty in the same
> county," may hear and determine a summary proceeding
> begun by a circuit court commissioner in case the com-
> missioner is absent or disqualified, *held*, not to extend
> the jurisdiction of the justice to lands beyond the town-
> ship in which he is justice.

Error to Monroe; Root (Jesse H.), J. Submitted
February 20, 1922. (Docket No. 186.) Decided
March 30, 1922.

Summary proceedings by Charles Lada against
John Laszlo and another for the possession of certain
real property. There was judgment for plaintiff, and
defendants appealed to the circuit court. Judgment
for plaintiff. Defendants bring error. Reversed,
and complaint dismissed.

*Elmer J. Alway* (*J. C. Lehr*, of counsel), for appel-
lants.

*George S. Wright*, for appellee.

SHARPE, J. May a justice of the peace hear and de-
termine a summary proceeding begun by a circuit court
commissioner under section 12182, 3 Comp. Laws 1915,
in case such commissioner is absent or disqualified,
*when the land, recovery of possession of which is*

---

The amendment of section 13231, 3 Comp. Laws 1915, by Act
No. 172, Pub. Acts 1919, extending the jurisdiction of the jus-
tice to lands in "any adjoining or contiguous city or township,"
was not called to the attention of the court; but it in no way
affects the conclusion reached, as the lands in question did not
lie in an "adjoining or contiguous city or township" to that in
which the justice resided.—Reporter.

*sought, lies outside the township in which the justice resides?*

The section reads as follows:

"Whenever any process shall have been issued by * * * any circuit court commissioner, and on any day set for the return or hearing thereof, such commissioner shall be absent or otherwise disqualified from acting therein, it shall be lawful for any other circuit court commissioner or other officer having authority to perform the like duty in the same county, to assume jurisdiction thereof and to proceed therein, and to hear, try and determine the same, * * * with like effect in all respects as if the original process had been issued by * * * him." * * *

The statute authorizing summary proceedings to recover the possession of lands in certain cases (3 Comp. Laws 1915, § 13229 *et seq.*) provides, in section 13241, that complaint may be made to a circuit court commissioner, or "a justice of the peace, when he shall have jurisdiction under this chapter." Under section 13231, complaint may be made to a circuit court commissioner "or to a justice of the peace of the city or township where the premises are located."

The justice would not have had jurisdiction to receive the complaint and issue the summons for the reason that the lands were not located in the township in which he was a justice. But it is insisted that he may in the cases provided for assume jurisdiction and act if the lands are located anywhere in the same county, by reason of the provision that he may act if he has "authority to perform the like duty in the same county."

This seems to be the first time this question has been raised under this statute. Counsel have not called our attention to, nor have we been able to find, any authority wherein a similar question has been considered. The Constitution provides for the election of four justices in each organized township.

(Art. 7, § 15.)    Section 16 limits their jurisdiction in civil cases and provides:

"They shall also have such criminal jurisdiction and perform such duties as shall be prescribed by law."

Their territorial jurisdiction in civil suits brought before them is carefully defined by the statutes.   Except in certain specified cases it is confined to litigation in which the parties are residents of the township in which the justice resides or an adjoining township.   The jurisdiction of the justice to act under this statute in cases begun before him depends on the lands being located in the township in which he is a justice.   We are persuaded that the provision in question does not fairly express an intention to extend that jurisdiction.   His authority to perform the "like duty," that is, to hear and determine the merits of the controversy, the right to the possession of the real estate in question, is confined to lands in the township in which he is justice.

The judgment entered will be set aside and held for naught and the complaint on which it is founded dismissed, with costs to the defendants.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

.  The late Justice STONE took no part in this decision.